Robert M. Stone, OSB #94518
19 So. Orange Street
Medford, OR  97501
(541) 734-4093
robstone@charter.net

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE MARIA BARAJAS-REVUELTA<br><br>Defendant. | CR No.  06-30056-PA<br><br>**DEFENDANT'S MOTION IN LIMINE** |

The defendant, through his attorney, Robert M. Stone, respectfully moves for an order:

1.      allowing the admission of out of court statements made by co-defendant Bernardo Ortiz-Mendoza which are exculpatory as to defendant, pursuant to Fed. Rule of Evidence 804(b)(3);

2.      excluding any reference to guilty pleas entered by co defendants because they are not relevant to this matter and, if marginally relevant any probative value is substantially outweighed by the prejudicial effect on the jury; fn1

---

1      As a principle of general acceptance, the guilty plea or conviction of a codefendant may not be offered by the government and received over objection as substantive evidence of the guilt of those on trial. Baker v. United States, 393 F.2d 604, 614 (9th Cir.) cert. denied, 393 U.S. 836 (1968).

1 -     **DEFENDANT'S MOTION IN LIMINE**

3.     excluding defendant's statements because they were the result of an illegal stop, because they were not voluntarily made and because they are hearsay not admissible under any exception to Rule 802;

4.     excluding all evidence seized from Mr. Barajas-Revuelta because it is the fruit on an illegal stop and detention;

5.     excluding any reference to the small quantity of cocaine found on Mr. Barajas-Revuelta because he is not charged with an offense related in any way to that alleged possession. As such it is irrelevant to the government's burden to prove Mr. Barajas-Revuelta conspired to, or did, grow marijuana. Even if marginally relevant, any probative value is substantially outweighed by its prejudicial effect on the jury.

6.     excluding evidence related to uncharged conspiracies because it is not relevant to proof of the charged conspiracy, or if relevant, its probative value is substantially outweighed by its prejudicial effect o the jury.

## I.    ADMISSION OF CO DEFENDANT ORTIZ-MENDOZA'S EXCULPATORY STATEMENTS

Defendant would call co-defendant Ortiz-Mendoza as a witness at trial to introduce testimony from him that Mr. Barajas-Revuelta had no knowledge that co-defendants Ortiz-Mendoza and Crisanto Alvarez-Mendoza were going to Oregon to check on a marijuana grow operation in which both Ortiz-Mendoza and Alvarez-Mendoza were involved. Mr. Ortiz-Mendoza, Mr. Barajas-Revuelta and Mr. Alvarez-Mendoza were stopped on a rural forest service road on September 9, 2006 when they attempted to drive by an operational field station set up on the roadway by government agents who were in the process of dismantling a nearby recently discovered marijuana grow site near south Upper Powell Creek in Josephine County,

2 -   **DEFENDANT'S MOTION IN LIMINE**

Oregon. All defendants were detained and eventually arrested.  On September 10, 2006 Mr.

Ortiz-Mendoza made a statement to Officer White and Officer Marci Haack implicating himself

and defendant made statements to Detective White that he and Alvarez-Mendoza had been

tending the plants in the grow that summer, but had left to return to California.   Ortiz-Mendoza

said he and Alvarez-Mendoza were recently contacted by the people who had hired them and

told to return to the grow site to see if there were any signs of activity at the site – including cars

parked nearby- and to report back to the California people.  During that statement Ortiz-

Mendoza, when asked what Mr. Barajas-Revuelta's involvement was, clearly and unequivocally

states that Mr. Barajas-Revuelta was only along for the ride and that he was not involved in the

grow at all.

Mr. Ortiz-Mendoza, fn2,  entered a plea of guilty in this case on July 26, 2007 and is

awaiting sentencing.  I have subpoenaed Mr. Ortiz-Mendoza as a witness at trial but I have

notified, by Mr. Ortiz-Mendoza's attorney that Mr. Ortiz-Mendoza will invoke his 5th

Amendment right to remain silent if he is called to testify.

Fed. R. of Evidence 804(a) and (b)(3) together state that where a declarant is unavailable

because he is exempted from testifying on privilege grounds, statements made against his

interest, although hearsay, are admissible.  Case law has applied this rule to statements against

penal interest offered to exculpate a defendant where there are corroborating circumstances of

trustworthiness.  Fed. R. Evid. 804(b)(3) comments 2, 3.  *U.S. v. Satterfield* 572 F.2d 687 (9th

Cir. 1978). fn3

---

2       Alvarez-Mendoza entered a plea of guilty to one count of Manufacture of 1000 or More
Marijuana Plants on July 23, 2007 and is awaiting sentencing.
3       "Under Rule 804(b)(3), the proponent of evidence offered to exculpate the accused here

3 -     **DEFENDANT'S MOTION IN LIMINE**

**Robert M. Stone ● OSB #94518**
**19 So. Orange Street**
**Medford, Oregon 97501**
**Telephone (541) 734-4093 ● Fax (541) 734-3841**

**Unavailability**

Mr. Ortiz-Mendoza, through his attorney has made it clear that, if called at Mr. Barajas-Revuelta's trial to testify, he would invoke his 5th Amendment right to remain silent.    Fed. R. Evid. 804(a)(1) provides that a declarant is "unavailable" where he "is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant's statement."  Although Ortiz-Mendoza has pleaded guilty the Supreme Court has made clear that the assertion of the Fifth Amendment privilege survives a guilty plea. *Mitchell v. United States,* 526 U.S. 314 (1999).

**Statement Against Penal Interest**

Whether a statement is against the declarant's penal interest is broadly defined by the phrase "tended to subject the declarant to criminal liability" in Rule 804 (b). *U.S. v. Satterfield* @ 691.  In this case, the statements of Ortiz-Mendoza clearly were inculpatory as to himself and could have been used against him at his trial.

**Corroborating Circumstances**

In this case there is no question as to whether Ortiz-Mendoza made the statements.  They were recorded and made in the presence of Officer Josh White and Officer Marci Haack, used as a Spanish language interpreter, because of her experience and knowledge of the Spanish language.

Other corroborating circumstances include:

---

had to establish three elements: (1) that the declarant was unavailable; (2) that the statement "at the time of its making * * * so far tended to subject (the declarant) to * * * criminal liability * * * that a reasonable man in his position would not have made the statement unless he believed it to be true"; and (3) that "corroborating circumstances clearly indicate the trustworthiness of the statement'". *U.S. v. Satterfield* @ 691.

4 -    **DEFENDANT'S MOTION IN LIMINE**

The statements were made near in time to the events in question. (See *Satterfield* at 693, where an indication of untrustworthiness was the fact that the statements were made some two years after the events in question).

Ortiz-Mendoza readily made inculpatory statements regarding both himself and, most noteworthy, co defendant Alvarez-Mendoza to Officer White and there is no evidence his relationships with Mr. Barajas-Revuelta and Alvarez-Mendoza were such that he would try to protect one but not protect the other;

There is a paucity of evidence linking Mr. Barajas-Revuelta to the marijuana grow with which he is charged. The government's case rests almost entirely on linking Mr. Barajas-Revuelta to this marijuana grow through calls made from, or to, a cell phone officers will testify was found on Mr. Barajas-Revuelta at his arrest. The calls were allegedly made to, or from, other cell phone numbers which were also allegedly called by cell phones found on persons arrested in other marijuana grows in southern Oregon. However, even assuming the phone was in his pocket at the time of his arrest there is no evidence it was in his possession at any other time or on any other day. The evidence will show that the cell phone the government alleges was found on Mr. Barajas-Revuelta was not subscribed in his name. No information was found in that phone or in ay other cell phone directly linking him to that cell phone. No calls made by, or to him at that number were ever recorded. No one has stated they called, or received a call from Mr. Barajas-Revuelta at that cell phone number.   According to the discovery provided by the government, when the cell phone number the government says is assigned to Mr. Barajas-Revuelta phone appears in the memory of other allegedly "linked" cell phones, it is not listed under Jose, Pepe, Maria, Barajas, Barajas-Revuelta, JMBR (or any variation thereof). Other than

5 -   **DEFENDANT'S MOTION IN LIMINE**

**Robert M. Stone ● OSB #94518**
**19 So. Orange Street**
**Medford, Oregon 97501**
**Telephone (541) 734-4093 ● Fax (541) 734-3841**

allegedly being in Mr. Barajas-Revuelta's pocket at 10:30 a.m. on September 9, 2006 there is no evidence he ever made, or received, any calls on that cell phone.

No evidence was recovered from the grow site near where Mr. Barajas-Revuelta was arrested (or in any other grow site) that links him to growing marijuana. No pictures, no writings, no fingerprints fn4. His shoe size was observed to be different than any footwear found in the site. No eyewitness has stepped forward to identify Mr. Barajas-Revuelta as ever having sold marijuana, bought marijuana, or been near the area where he was arrested prior to the day he was found in the vehicle with Ortiz-Mendoza and Alvarez-Mendoza.

Few rights are more fundamental than that of an accused to present witnesses in his own defense. *Satterfield* @ 692 citing *Chambers v. Mississippi* 410 US 284 (1973)(exclusion of hearsay declaration against peal interest; See also *Washington v. Texas* 388 US 14 (1967) (striking down Texas law disqualifying alleged accomplices from testifying on behalf of the accused in criminal cases).

Mr. Barajas-Revuelta should be allowed to introduce Ortiz-Mendoza's exculpatory statements in his defense.

## II.    DEFENDANT'S STATEMENTS AND ALL EVIDENCE SEIZED AS A RESULT OF HIS STOP, DETENTION AND QUESTIONING SHOULD BE EXCLUDED

On September 9, 2006 at approximately 10:30 a.m. Mr. Barajas-Revuelta was a passenger in a car driven by co defendant Ortiz-Mendoza that was stopped by government agents on a forest service road near south Upper Powell Creek in Josephine County, Oregon. The

---

4    This contrasts with co defendants in that evidence was eventually found linking both to having been in the grow site.

6 -    **DEFENDANT'S MOTION IN LIMINE**

government agents were on the road having set up a command post station to dismantle a marijuana grow operation somewhere in the vicinity of the command post.  There is no evidence that the car was stopped for any other reason than that it was in the area and contained three Mexicans.  Mr. Barajas-Revuelta was removed from the car, "detained for investigation" and questioned by Detective Josh White and Ranger Don Robinson( used as a Spanish language translator as Mr. Barajas-Revuelta speaks no English). The government seeks to admit statements they allege were made by Mr. Barajas-Revuelta to Detective White and Ranger Robinson while detained and prior to his arrest.  Beginning at 11:40 a.m., one hour and ten minutes after the stop, Mr. Barajas-Revuelta's statements were recorded on audiotape.  The audiotape evidences that the questioning stopped at 12:02 p.m.  During the questioning of Mr. Barajas-Revuelta consent was obtained to seize his personal belongings including a cell phone found in his pocket.  The government also seeks to admit information retrieved from that cell phone against Mr. Barajas-Revuelta at trial.

  The audio recording made of Mr. Barajas-Revuelta's statement reveals that Mr. Barajas-Revuelta was told that he was not under arrest,  he was being detained for "investigation. However, it is clear from the audiotape that, as Mr. Barajas-Revuelta was handcuffed during the questioning, he was not free to leave and was in custody. The audiotape further reveals that Mr. Barajas-Revuelta was not provided Miranda warnings prior to being questioned.

**Mr. Barajas-Revuelta was illegally stopped and thereafter illegally detained.**

  Mr. Barajas-Revuelta was illegally stopped when he was removed from the car at 10:30 a.m. without reasonable suspicion, and thereafter, illegally detained for more than one and one-half hours in handcuffs without probable cause.

7 - **DEFENDANT'S MOTION IN LIMINE**

If Mr. Barajas-Revuelta's detention was an arrest, the Constitution requires that the arresting officers have probable cause to justify their actions. *U.S. v. Lopez* 482 F.3d 1067 (9th Cir. 2007) fn5

It is clear that the officers did not have probable cause to stop the car and/or to arrest Mr. Barajas-Revuelta.  At the time car was stopped, the defendants removed, handcuffed and questioned, the only information the officers had that may have linked him to the marijuana grow was that he was on a public road in the vicinity of the grow, he looked Mexican and materials had been seized from the grow that indicated that persons who liked Mexican food had been in the grow and that other Mexicans had recently been arrested in relation to other marijuana grows in southern Oregon. This is certainly not probable cause to stop and arrest.

The government may maintain that while Mr. Barajas-Revuelta's detention cannot be sustained as a full-fledged arrest, it was a valid investigatory stop based on reasonable suspicion. *Terry v. Ohio,* 392 U.S. 1, 9(1968) created a limited exception to the general rule that police detentions require probable cause, wherein "certain seizures are justifiable under the Fourth Amendment if there is articulable suspicion that a person has committed or is about to commit a crime." *Florida v. Royer,* 460 U.S. 491, 498 (1983) (plurality opinion).  Under *Terry* and its progeny, the Fourth Amendment allows police to conduct a brief, investigatory search or seizure,

5      "Under the Fourth Amendment, a warrantless arrest requires probable cause. *See Michigan v. Summers,* 452 U.S. 692, 700(1981). Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested. *Beck v. Ohio,* 379 U.S. 89, 91 (1964). While conclusive evidence of guilt is of course not necessary under this standard to establish probable cause, "[m]ere suspicion, common rumor, or even strong reason to suspect are not enough." *McKenzie v. Lamb,* 738 F.2d 1005, 1008 (9th Cir.1984) (citing *Henry v. United States,* 361 U.S. 98, 101(1959).

8 -   **DEFENDANT'S MOTION IN LIMINE**

so long as they have a reasonable, articulable suspicion that justifies their actions. Although the reasonable suspicion standard "is a less demanding standard than probable cause," and merely requires "a minimal level of objective justification.", *Illinois v. Wardlow,* 528 U.S. 119, 123(2000),  the Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest. *Gallegos v. City of Los Angeles* 308 F.3d 987 (9th Cir. 2002) citing *United States v. Arvizu,* 534 U.S. 266 (2002) (citing *Terry* at 9).

Reasonable suspicion is determined by looking at what officers knew prior to stopping Mr. Barajas-Revuelta. *U.S. v. Neatherlin* 66 F.Supp.2d 1157 (D.Mont. 1999).  As discussed supra what these officers knew prior to stopping the car was that it was on a public road in the vicinity of the grow, the occupants looked Mexican and materials had been seized from the grow that indicated that persons who liked Mexican food had been in the grow and that other Mexicans had recently been arrested in relation to other marijuana grows in southern Oregon.

Mr. Barajas-Revuelta submits that, at the time he was stopped and removed from the car, officers had insufficient knowledge to satisfy even the minimal reasonable suspicion standard from *Terry.*  Being Mexican on a public road, even a forest service road, in the vicinity of a marijuana grow should not provide reasonable suspicion to stop and detain someone. fn6  This, if not racial profiling at its purest, is clearly a kissing cousin of it.

---

6     It is well established that a person's mere presence or "mere propinquity to ... criminal activity does not, without more, give rise to probable cause." *Ybarra v. Illinois,* 444 U.S. 85, 91(1979) see also *United States v. Morrison,* 546 F.2d 319 (9th Cir.1976). ( "proximity to the border and prior illegal activity in the area are relevant factors,…… but they do not justify a stop absent other indicia of illegal activity." *Morrison* at 320.

9 -     **DEFENDANT'S MOTION IN LIMINE**

Even if the initial stop and *Terry* detention can be justified, holding Mr. Barajas-Revuelta in handcuffs for over an hour and a half exceeded the bounds of *Terry*. A *Terry* stop must last "no longer than is necessary to effectuate the purpose of the stop." *Royer,* 460 U.S. at 500.  The purpose of this stop was to determine if Mr. Barajas-Revuelta was involved in an illegal marijuana grow. There is "no bright line rule for determining when an investigatory stop crosses the line and becomes an arrest." *United States v. Parr,* 843 F.2d 1228, 1231 (9th Cir.1988) (quoting *United States v. Hatfield,* 815 F.2d 1068, 1070(6th Cir.1987)). Whether a police detention is an arrest or an investigatory stop is a fact-specific inquiry, *Washington v. Lambert,* 98 F.3d 1181, 1185 (9th Cir.1996), guided by the general Fourth Amendment requirement of reasonableness, *Texas v. Brown,* 460 U.S. 730, 739 (1983). Whether a suspect is under arrest depends on all the circumstances, including the extent liberty of movement is curtailed and the type of force used. *Terry v. Ohio,* 392 U.S. at 30.  In reviewing the facts and circumstances of each case, the must be mindful of the narrow scope of the *Terry* exception-an exception based on a brief, street encounter between police and a suspect. To do otherwise would be to risk allowing the " 'exception' ... to swallow the general rule that Fourth Amendment seizures are 'reasonable' only if based on probable cause." *U.S. v. Ricardo D.* 912 F.2d 337 (9th Cir. 1990). citing *Dunaway v. New York,* 442 U.S. 200, 213 (1979) and *see Florida v. Royer,* 460 U.S. 491, 510 (1983) (plurality opinion) (Brennan, J., concurring).

In this case Mr. Barajas-Revuelta was held in handcuffs, by the side of a rural forest service road, fn7, for over an hour and ten minutes by uniformed armed officers before recorded

---

7    It is not clear from the audiotape or police reports whether Mr. Barajas-Revuelta was held in handcuffs by the side of the road or in a police car.

10 -    **DEFENDANT'S MOTION IN LIMINE**

statements were taken.  In total he was held for over an hour and a half before he was told he was under arrest. *Terry* and its progeny make clear that Mr. Barajas-Revuelta was under arrest when he was removed from the car and handcuffed.  See *U.S. v. Neatherlin* at 1162, fn8

It is further clear that at the time he was arrested the police had insufficient probable cause to do so.  All evidence resulting from that illegal arrest and detention, including Mr. Barajas-Revuelta's statements and the cell phone seized from him should be excluded as the fruit of that illegality.  fn9

**Mr. Barajas-Revuelta's statement was not voluntary**

Even if it is decided Mr. Barajas-Revuelta was not under arrest when he was stopped, removed from the car, handcuffed and questioned his statement should be excluded because it was made without the requisite warnings to a defendant. Because custodial interrogation is inherently coercive, when a defendant is in police custody, fn10, he must be advised of his

---

8       "The location and time of this stop created reasonable concerns for officer safety. However, the facts in this case exceed the boundaries of investigatory detention. When Deputy Neuman handcuffed Neatherlin and placed him in the patrol car Neatherlin was under arrest."

9       When determining whether evidence from an illegal arrest must be suppressed the question is whether police obtained the evidence "by exploitation of the illegality." *Wong Sun v. United States,* 371 U.S. 471, 487-88 (1963). Suppression is warranted when there exists a "sufficiently close relationship between the arrest and the seizure." *United States v. Shephard,* 21 F.3d 933, 939 (9th Cir.1994). Evidence must be suppressed whenever its discovery was "brought about *only* because of the suspect's illegal detention." *Id.,* quoting *United States v. Chamberlin,* 644 F.2d 1262 (9th Cir.1980) ( *cert. denied,* 453 U.S. 914)

10       A defendant is "in custody" for *Miranda* purposes "when 'a reasonable person in the defendant's position would have understood himself to be subjected to restraints comparable to those associated with a formal arrest.' " *United States v. Ruggles,* 70 F.3d 262, 265 (2d Cir.1995) (quoting *United States v. Mitchell,* 966 F.2d 92, 98 (2d Cir.1992)); *Thompson v. Keohane,* 516 U.S. 99, 100-01, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995). A defendant is under "interrogation" for *Miranda* purposes when "the inquiry is conducted by officers who are aware of the potentially incriminating nature of the disclosures sought." *United States v. Morales,* 834 F.2d 35, 38 (2d Cir.1987); *Rhode Island v. Innis,* 446 U.S. 291, 300-01(1980).

11 -    **DEFENDANT'S MOTION IN LIMINE**

*Miranda* rights, (namely his right to remain silent, his right to an attorney, and the fact that anything he says can be used against him), before interrogation commences. *See Miranda v. State of Arizona,* 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *United States v. Anderson,* 929 F.2d 96, 98-99 (2d Cir.1991). *Miranda* warnings and a waiver of rights are prerequisites to the admissibility of any statement made by a defendant under interrogation while in the custody of the police. *See id.* at 476, 479. Once the warnings are administered, the defendant may "knowingly and intelligently" waive such rights and answer questions, but unless and until such warnings are given and waived, no statements obtained as a result of interrogation are admissible. *See Miranda,* 384 U.S. at 479. 11

Mr. Barajas-Revuelta's statements were not voluntarily made. The government bears the burden of proving that the defendant's statements were voluntary. *Lego v. Twomey,* 404 U.S. 477, 489 (1972). The test is whether under the totality of the circumstances, the government obtained the statement by coercion or improper inducement. *Haynes v. Washington,* 373 U.S. 503, 513-14 (1963); *United States v. Pinion,* 800 F.2d 976, 980 (9th Cir.1986), *cert. denied ,* 480 U.S. 936 (1987).

Mr. Barajas-Revuelta submits that being handcuffed and being held by uniformed, armed police officers for more than one hour and ten minutes before recording his statements are coercive circumstances rendering his statements involuntary.

**The statements sought to be admitted are hearsay and not admissible under any exception to the hearsay rule.**

---

11      See also *U.S. v. Baker* 888 F.Supp. 1521, 1532 D.Hawai'i (1995). ("Before the government may introduce evidence of a potentially incriminating statement made by a criminal defendant, it must prove there was a "voluntary" and "knowing, intelligent" waiver of defendant's *Miranda* rights. *Miranda v. Arizona,* 384 U.S. 436, 475) (1966)).

12 -    **DEFENDANT'S MOTION IN LIMINE**

Mr. Barajas-Revuelta's statements are out of court statements made by a non-testifying declarant and, as such, are hearsay and inadmissible absent some exception to the hearsay rule. The government apparently seeks to admit Mr. Barajas-Revuelta's statements under rule 801(d)(1)(A) alleging that they are "admissions of a party opponent and therefore not considered hearsay.

**The statements are not Admissions of a Party Opponent because the statements the government seeks to admit as having been made by Mr. Barajas-Revuelta are not reliably his statements because the translation at the time of the statement is inadequate to find that he actually made the statements sought to be admitted.**

A statement is not considered hearsay if it is a statement offered against a party and is (A) the party's own statement, in either an individual or a representative capacity. Fed R. Evid. 801(d)(1)(A).

The primary directive of this exception is that the statement be the party's own statement. In this case the government seeks to introduce statements made by Mr. Barajas-Revuelta during the herein discussed roadside questioning of him on September 9, 2006.  The questioning was audio taped, and it is unclear whether the government seeks to introduce those statements through the testimony of the officer present during the questioning or through the audiotape.  In this case it makes little difference how they attempt to get them admitted.  Neither should be allowed.

The questioning was done by Detective White using Ranger Don Robinson as a translator.   There is no document signed by Mr. Barajas-Revuelta adopting Ranger Robinson's translated version of Mr. Barajas-Revuelta's statements to Robinson in Spanish in which he

13 -    **DEFENDANT'S MOTION IN LIMINE**

Robert M. Stone ● OSB #94518
19 So. Orange Street
Medford, Oregon 97501
Telephone (541) 734-4093 ● Fax (541) 734-3841

attempted to reply to Robinson's Spanish translated version of Detective White's questions posed in English.

On July 18, 2007 Mr. Barajas-Revuelta's request for all audiotape recordings of defendant's statements, made in his First Request for Discovery dated November 26, 2006 was responded to and the audio tape was provided. Mr. Barajas-Revuelta thereafter engaged the services of Certified Spanish Translator Karina-Mendoza-Scott to transcribe and translate the audio taped questioning of Mr. Barajas-Revuelta. Based upon the audiotape and first draft of Mrs. Mendoza-Scott's transcription/translation it is clear that the Spanish language translation provided by Ranger Robinson was inadequate to reasonably ensure that Mr. Barajas-Revuelta understood the questions being asked to him or to ensure that Ranger Robinson's translation of Mr. Barajas-Revuelta's answers into English were accurate or reliable. The transcription/translation of the audiotape continues and will be made available to the government and the Court as soon as it is completed.

Mr. Barajas-Revuelta submits that the translation provided by Ranger Robinson was inadequate to assure that Mr. Barajas-Revuelta adequately understood what he was being asked or that Ranger Robinson's translated answers were accurate representations of what Mr. Barajas-Revuelta answered. As such the statements the government seeks to admit are not reliably Mr. Barajas-Revuelta's and should not be admitted under Rule 801(d)(1)(A).

### III.   ANY REFERENCE TO THE SMALL QUANTITY OF COCAINE FOUND ON MR. BARAJAS-REVUELTA SHOULD BE EXCLUDED.

The police reports state that a small (3 grams) amount of cocaine was found on Mr. Barajas-Revuelta at the time of his stop and detention. To the extent that the cocaine was found as a result of the illegal stop and detention of Mr. Barajas-Revuelta it should be excluded.

14 -   **DEFENDANT'S MOTION IN LIMINE**

Even if it is not excluded as "fruit of the poisonous tree", any reference to the small quantity of cocaine found on Mr. Barajas-Revuelta should be excluded because it is not relevant to a material element of the charges against Mr. Barajas-Revuelta, or, if marginally relevant any probative value is substantially outweighed by its prejudicial effect on the trial jury.  Further it is not admissible under Fed. R. Evid. 404(b) because it sole purpose would be to attempt to show Mr. Barajas-Revuelta's bad character and propensity to commit crimes.

**IV.     ALL EVIDENCE RELATED TO UNCHARGED CONSPIRACIES SHOULD BE EXCLUDED BECAUSE IT IS NOT RELEVANT TO PROOF OF THE CHARGED CONSPIRACY OR TO ANY OTHER CHARGE IN THE INDICTMENT, OR IF RELEVANT, ITS PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY ITS PREJUDICIAL EFFECT ON THE JURY.**

As argued supra, to the extent that the information taken from the cell phone allegedly found on Mr. Barajas-Revuelta on September 9, 2006 was found as a result of the illegal stop and detention of Mr. Barajas-Revuelta it should be excluded.

Even if that information is not determined to be "fruit of the poisonous tree" it should be excluded because any probative value it may have as relates to the south Upper Powell Creek grow near which Mr. Barajas-Revuelta was stopped and detained and with which he is charged with conspiring to grow and growing is substantially outweighed by its prejudicial effect on the jury.

The government seeks to prove that Mr. Barajas-Revuelta conspired to grow marijuana at the south upper Powell creek grow site by introducing evidence that the cell phone found on him on September 9, 2006 was used to make calls to a cell phone that was used by a person named Pedro Revuelta-Salas on June 13, 2006.  And that the cell phone used by Pedro on June 13, 2006 was also called by cell phones found on other Mexicans who were charged with growing

15 -     **DEFENDANT'S MOTION IN LIMINE**

1  marijuana in other grow sites in southern Oregon during the summer and fall of 2006.  Mr.

2  Revuelta-Salas is not charged in this case, Mr. Barajas-Revuelta is not charged in any other

3  marijuana grow case involving any of the Mexicans charged in relation to other grow sites.

4      Fed. R. Evid. 404(b) allows for the admission of evidence of other crimes, wrongs, or

5  acts to prove motive, intent, preparation, or plan even though it is inadmissible to prove

6  character.  Evidence of uncharged conspiracies may be admissible under this rule, however,

7  evidence of acts admitted pursuant to Rule 404(b) must still meet a four-part test. Such evidence

8  must: (1) be based on sufficient evidence; (2) be not too remote in time from charged crimes; (3)

9  bear some similarity to charged acts; and (4) prove an essential element of the charged offense.

10  *United States v. Houser,* 929 F.2d 1369, 1373 (9th Cir.1990); *United States v. Bibo-Rodriguez,*

11  922 F.2d 1398, 1400 (9th Cir.), *cert. denied,* 501 U.S. 1234 (1991).  Finally, the probative value

12  of the evidence must outweigh its prejudicial effect under Fed. R. Evid. 403.  fn12

13      In this case the proffered evidence fails right out of the box.  The discovery provided by

14  the government shows that the cell phone allegedly found on Mr. Barajas-Revuelta on

15  September 19, 2006 was not subscribed to him.  No other discovery places the cell phone with

16  Mr. Barajas-Revuelta on any other day or at any other time than September 9, 2006 after 10:30

17  a.m.  The government will offer evidence that on June 13, 2006 Pedro Revuelta-Salas used a cell

18  phone with the number 209-386-2932 and that that same number was called several times by the

19  cell phone number assigned to the cell phone found on Mr. Barajas-Revuelta on September 9,

20  2006.  The discovery also reveals that the cell hone number 209-386-2932 is not subscribed to

12     Fed R. Evid. 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation

16 -   **DEFENDANT'S MOTION IN LIMINE**

Pedro.  The discovery provided shows evidence that Pedro has been seen in southern Oregon with others who have been charged in other marijuana grow sites and that he has been seen near several other sites in southern Oregon identified as marijuana grow sites but no evidence has been provided that Pedro has ever been seen with Mr. Barajas-Revuelta (or his co defendants) or that Pedro has ever been seen in the vicinity of the south Upper Powell Creek grow site.

In short the evidence that links Mr. Barajas-Revuelta to any other grow site is limited to: a cell phone found on him on September 9, 2006, but not subscribed in his name, may have made several calls to a cell phone number, used by Pedro Revuelta-Salas on June 13, 2006(but also not subscribed in Pedro's name);

that the number used by Pedro on June 13, 2006 was also called from other cell phones that the government may be able to show were used by other Mexicans charged in other marijuana grow sites in southern Oregon; and

that Pedro has been seen near other grow  sites (other than the south Upper Powell Creek grow site) in southern Oregon.

Mr. Barajas-Revuelta submits that is insufficient evidence to satisfy admission of the evidence under rule 404(b) and it should be excluded.

RESPECTFULLY SUBMITTED this  26th day of  July          2007.

> s/Robert M. Stone
> Robert M. Stone, OSB#94518
> Attorney for Defendant

of cumulative evidence."

17 -    **DEFENDANT'S MOTION IN LIMINE**